UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| EDWARD P. MAY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 16-427-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Inmate/Petitioner Edward May is currently confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, May has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] For the reasons set forth below, May's petition will be denied.

In 2009, a federal grand jury indicted May, charging him with 59 counts of mail fraud in violation of 18 U.S.C. § 1341 for his operation of a longstanding and widespread Ponzi scheme to defraud hundreds of investors between 1997 and 2007. May eventually pled guilty to all of the charges, and the trial court sentenced him to 192 months in prison and ordered him to pay more than $49,000,000 in restitution. *See United States v. May*, No. 2:09-cr-20482 (E.D. Mich. 2009).

May filed a direct appeal, but that appeal was later withdrawn. May then filed several motions for relief, including a motion to vacate pursuant to 28 U.S.C. § 2255. However, the United States District Court for the Eastern District of Michigan denied those

motions and the Sixth Circuit denied May a Certificate of Appealability. *See id.* May also filed multiple § 2241 petitions, but those petitions were also denied. *See May v. Kirby*, No. 3:14-cv-056-KRG-KAP (W.D. Pa. 2014); *May v. Quintana*, No. 5:15-182-DCR (E.D. Ky. 2015).

May has now filed another § 2241 petition. [Record No. 1] In this latest filing, May challenges the validity of his convictions and sentence. Among other things, he claims that his trial attorney provided ineffective assistance of counsel because that attorney allegedly "had in his possession medical documentation that [May] was mentally and medically unstable" and "failed to provide [the] court with [that] medical testimony." [Record No. 1 at 6-7] May also claims that his attorney failed to advise him of the rights he was waiving and failed to present all mitigating evidence at his sentencing. [Record No. 1 at 8; No. 1-1 at 18] May further claims that his guilty plea was not knowing and voluntary. [Record No. 1-1 at 19] Finally, May alleges that the trial "court and U.S. attorney knew of [his] documented mental and medical instability," and he argues that the "failure of the court to conduct or order [a] competency hearing . . . deprived him of his right to due process." [Record No. 1 at 7; No. 1-1 at 12] These are just some of the claims that May makes challenging the validity of his convictions and sentence. [Record No. 1-1 at 3-24]

May's § 2241 petition is an impermissible collateral attack on his convictions and sentence. That is because while a federal prisoner may challenge the legality of his conviction or sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition does not

function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001). Instead, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, May cannot use a § 2241 petition as a way of challenging his convictions and sentence.

May suggests that he can attack his convictions and sentence through his § 2241 petition by citing and discussing § 2255(e)'s savings clause. [Record No. 1-1 at 3-4]. But that suggestion is off base. To be sure, the Sixth Circuit has said that "the so-called 'savings clause' of section 2255 provides that if section 2255 is 'inadequate or ineffective to test the legality of his detention, . . . then a federal prisoner may also challenge the validity of his conviction or sentence under § 2241." *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012) (citations and quotation marks omitted). However, the Sixth Circuit has further explained that "[i]nvocation of the savings clause is restricted to cases where prisoners can show 'an intervening change in the law that establishes their actual innocence.'" *Id.* (quoting *Peterman*, 249 F.3d at 462). In subsequent cases, the Sixth Circuit has explained how a prisoner can rely on an intervening change in the law to establish his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or even challenge a sentence enhancement. *See Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

While May tries to rely on § 2255(e)'s savings clause, it does not appear from his petition that he is relying on an intervening change in the law to attack his convictions or

-3-

sentence or that he otherwise meets the requirements set forth in either the *Wooten* or *Hill* cases. Rather, it appears that May is simply trying to re-litigate claims that he either made or could have made in his previously denied § 2255 motion. Since that is not proper in a § 2241 petition, the Court will deny that petition.

Finally, in light of the foregoing analysis, the Court will also deny May's latest motion, which asked the Court to reconsider its decision refusing to release him on bond. [Record No. 13] Accordingly, it is hereby

**ORDERED** as follows:

1. May's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. May's motion asking the Court to reconsider its decision refusing to release him on bond [Record No. 13] is **DENIED**.

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A corresponding judgment will be entered this date.

This 15th day of June, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge